UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Linwood Clifton Wood, #55883-056 ) | C/A No. 4:20-cv-2457-TLW-TER |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| Warden, FCI Edgefield, ) | Report and Recommendation |
| Respondent. ) | |

The sole issue in this Report and Recommendation is whether Petitioner should be required to pay the filing fee, or whether his financial condition justifies waiver of the filing fee.

Petitioner, a federal prisoner, has filed an Application to Proceed Without Prepaying Fees or Costs (AO 240), also known as an application to proceed *in forma pauperis*. In his application, Petitioner reports that he has $350 in cash or in a checking or savings account. (ECF No. 10). Petitioner reports no expenses and no income. The fee in this § 2241 action is $5.

This information raises questions over the application to proceed without prepayment of fees. A litigant is not required to show that he is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 337-44 (1948). Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980).

One district court has observed that the appropriate disposition of § 1915 applications is not always clear: "'[T]here are no 'magic formulas' for making the determination that the requisite in forma pauperis status is present, but instead, there is required a careful scrutiny and weighing of all of the relevant facts and circumstances involved in each particular situation.'" *Carter v. Telectron, Inc.*, 452 F. Supp. 939, 942 (S.D. Tex. 1976) (quotation and internal citation omitted). In *Carter*,

the district court, citing *Adkins* and cases in the Third and Fifth Circuits, set forth three legal tests that this court[1] has also used to evaluate *in forma pauperis* applications, in exercising their discretion under 28 U.S.C. § 1915(a):

> (1) Is the litigant "barred from the Federal Courts by reason of his impecunity?"
>
> (2) Is his "access to the courts blocked by the imposition of an undue hardship?"
>
> (3) Is the litigant "forced to contribute his last dollar, or render himself destitute to prosecute his claim?"

452 F. Supp. at 943.

As has been noted many times, the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North American Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972); *see also Failor v. Califano*, 79 F.R.D. 12, 13 (M.D. Pa. 1978); and *Thomas v. Califano*, 79 F.R.D. 14, 14-15 & n.2 (M.D. Pa. 1978).

Upon a review of all the information before the Court, mindful of the tests set forth in *Carter*, it does not appear that Petitioner would be barred from the federal courts because he simply does not have the money for the filing fee of $5, nor that paying that fee would effectively block his access to the courts by imposing on him an "undue hardship," nor that the fee would wring from Petitioner his last dollar or essentially render him destitute. Hence, Petitioner must "'confront the initial dilemma which faces most other potential litigants: Is the merit of the claim

---

[1] *See e.g., Cabbil v. U.S.*, 2015 WL6905072 (D.S.C. Nov. 9, 2015), *Stritzinger v. Delaware*, 2015 WL 5965268 (D.S.C. Oct 13, 2015).

worth the cost of pursuing it?'" *Carter*, 452 F. Supp. at 944 (internal citation omitted).

## RECOMMENDATION

On the sole issue of this Report and Recommendation, it is recommended that the Application to Proceed Without Prepayment of Fees be denied. It is recommended upon adoption of this report and recommendation that Petitioner be ordered to pay the full filing fee of $5 within 21 days of the order by the district judge.

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 15, 2020
Florence, South Carolina

**Petitioner's attention is directed to the important notice on the next page.**

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that thise is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).