UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Linwood Clifton Wood, <br><br> PETITIONER <br><br> v. <br><br> Warden, FCI Edgefield, <br><br> RESPONDENT | Case No. 4:20-cv-02457-TLW <br><br><br> **Order** |

This matter comes before the Court for consideration of Petitioner Linwood Clifton Wood's pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the reasons stated below, the Court dismisses his petition.

## I.   Factual and Procedural History

### A.   Federal prosecution

In November 2011, Wood was charged in the Eastern District of North Carolina with conspiring to possess with intent to distribute cocaine and crack cocaine in violation of 21 U.S.C. § 846, being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1), and two counts of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1). Indictment, *United States v. Wood*, No. 2:11-cr-00036 (E.D.N.C. Nov. 21, 2011), EDNC ECF No. 1.[1] He pled guilty to the drug

---

[1] Citations to documents filed in the underlying criminal case will be in the format of "EDNC ECF No. ___," while citations to documents filed in this habeas case will be in the format of "ECF No. ___."

1

conspiracy and felon in possession counts. In the plea agreement, the parties agreed that the felon in possession count had the following elements: (1) the defendant knowingly possessed the firearm; (2) the possession was in or affecting commerce; and (3) prior to possessing the firearms, the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year. ECF No. 27-1 at 2.

Wood was sentenced as a career offender to a total of 228 months imprisonment, consisting of 228 months on the drug conspiracy count and 120 months on the felon in possession count. EDNC ECF No. 31. He filed a direct appeal challenging his career offender enhancement and his lawyer's failure to correct the district judge's alleged misstatement at sentencing regarding the length of the conspiracy, but the Fourth Circuit affirmed. *United States v. Wood*, 510 F. App'x 257, 257 (4th Cir. 2013). He filed a petition for a writ of certiorari, but the Supreme Court denied his petition. *Wood v. United States*, 569 U.S. 1025 (2013).

### B.     Prior habeas petition

Wood filed a § 2255 habeas petition in June 2014, but the district judge denied relief. *United States v. Wood*, No. 2:11-cr-00036, 2015 WL 165278, at *3 (E.D.N.C. Jan. 13, 2015). The Fourth Circuit denied a certificate of appealability and dismissed the appeal. *United States v. Wood*, 600 F. App'x 144, 144 (4th Cir. 2015).

### C.     Current habeas petition

In the § 2241 petition now before the Court, Wood raises a single argument:

2

that in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), his felon in possession conviction should be vacated because he did not admit to all of the elements of the charge. *See* ECF No. 1-3 at 8. Prior to the Supreme Court issuing its opinion in *Greer v. United States*, 141 S. Ct. 2090 (2021), the Government filed a motion for summary judgment. The Government argued that, although the Court has jurisdiction to consider the petition, it should be dismissed because the claim is procedurally defaulted and, alternatively, that he is not entitled to relief on the merits. *See* ECF No. 27-1 at 5. Wood then filed two responses in opposition. ECF Nos. 33, 35.

The magistrate judge to whom this case was assigned issued a pre-*Greer* Report and Recommendation (Report), concluding that Wood's petition should be dismissed for lack of jurisdiction and the Government's motion for summary judgment should be denied as moot.[2] ECF No. 47 at 15–16. Wood did not file objections to the Report.

This matter is now ripe for decision.

## II.   Discussion

### A.   Background regarding *Rehaif* and *Greer*

Before addressing the petition itself, a background discussion of *Rehaif* and the more recent *Greer* case is warranted.

As relevant here, § 922(g)(1) provides that it is "unlawful for any person . . .

---

[2] The magistrate judge did not address the Government's procedural default or merits arguments.

who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition."[3] 18 U.S.C. § 922(g)(1). Then, § 924(a)(2) provides that "[w]hoever *knowingly* violates subsection [(g)] of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both." 18 U.S.C. § 924(a)(2) (emphasis added).

Prior to *Rehaif*, it was broadly understood that the word "knowingly" in § 924(a)(2) only modified a defendant's possession of a firearm, not his felon status. *See, e.g.*, *United States v. Langley*, 62 F.3d 602, 605–06 (4th Cir. 1995) (en banc). Thus, courts understood a felon in possession conviction to require proof beyond a reasonable doubt of three elements: (1) a prior felony conviction; (2) knowing possession of a firearm; and (3) the firearm traveled in interstate or foreign commerce at some point during its existence. *See id.* at 606. Consistent with that understanding, Wood's plea agreement set out those three elements.

In *Rehaif*, the Supreme Court expanded the knowledge requirement when it concluded that "knowingly" modifies not just a defendant's possession of a firearm, but also his status.[4] *See Rehaif*, 139 S. Ct. at 2194. Thus, it is now clear that there is

---

[3] Although the specific language in § 922(g)(1) is that the prior conviction must be for "a crime punishable by imprisonment for a term exceeding one year," the Court will use shorthand references to a "felony conviction" or similar phrasing.

[4] The defendant in *Rehaif* was prohibited from possessing a firearm under § 922(g)(5)(A) due to his status as an alien who was illegally or unlawfully in the United States, rather than the more commonly-prosecuted situation where the firearm possession is prohibited under subsection (g)(1) due to a defendant's status as a felon. But the knowledge-of-status requirement applies regardless of which status category the defendant falls into under subsection (g). *See Rehaif*, 139 S. Ct.

4

a fourth element to a felon in possession charge: at the time of the firearm possession, the defendant knew that he had a prior felony conviction. *See Greer*, 141 S. Ct. at 2095 ("In felon-in-possession cases after *Rehaif*, the Government must prove not only that the defendant knew he possessed a firearm, but also that *he knew he was a felon* when he possessed the firearm.").

The Supreme Court's recent *Greer* decision was a consolidated appeal with two defendants and involved the issue of whether they were entitled to plain-error relief on direct appeal for unpreserved *Rehaif* errors. *Id.* at 2096. The Supreme Court held that a defendant in that situation satisfies the plain-error test only if he can show that the *Rehaif* error affected his substantial rights, which requires him to "show[ ] a 'reasonable probability' that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different." *Id.* at 2097. The Supreme Court noted that this is a difficult requirement to meet because "[i]f a person is a felon, he ordinarily knows he is a felon. 'Felony status is simply not the kind of thing that one forgets.'" *Id.* (quoting *United States v. Gary*, 963 F.3d 420, 423 (4th Cir. 2020) (Wilkinson, J., concurring in denial of reh'g en banc)). The Supreme Court held that neither defendant could satisfy that test because both had multiple felony convictions and neither asserted that they would have made the argument that they did not know they were felons when they possessed firearms. *Id.* at 2097–98.

Wood is in an even more difficult situation than the defendants in *Greer*

---

at 2194 ("To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it.").

5

because his case is not on direct appeal. Instead, the issue for him is whether he can use habeas corpus to successfully challenge his pre-*Rehaif* conviction for being a felon in possession of a firearm. The Court concludes that he cannot, so habeas relief is not appropriate.

### B.   Jurisdiction under § 2241

The first question the Court must resolve is whether it has jurisdiction to consider Wood's § 2241 petition. The Court recently considered in detail this issue in a virtually-identical case, concluding that the Court has jurisdiction to consider a pre-*Rehaif* defendant's § 2241 petition under § 2255's savings clause after applying the standards set forth in *In re Jones*, 226 F.3d 328 (4th Cir. 2000). *See Moore v. Warden of FCI Edgefield*, ___ F. Supp. 3d ___, ___, 2021 WL 3828828, at *4–5 (D.S.C. 2021). In light of the referenced analysis in *Moore*, the Court will not restate that analysis here. For the reasons set forth in *Moore*, the Court concludes that it has jurisdiction to consider Wood's petition.

### C.   Procedural default

Although Wood's satisfaction of § 2255's savings clause opens the doors of the courthouse for consideration of his petition, he promptly runs into an imposing hurdle: the procedural default doctrine. The Fourth Circuit recently summarized the principles of procedural default:

> Generally speaking, habeas proceedings are not the time to raise arguments a prisoner could have made, but did not, in the proceedings culminating in his conviction. Principles of procedural default sharply

6

limit a prisoner's ability to raise on collateral review claims not raised in his initial criminal proceeding or on direct appeal.

*Marlowe v. Warden, FCI Hazelton*, 6 F.4th 562, 571 (4th Cir. 2021). Wood cannot surmount that hurdle.

Because Wood did not assert a knowledge-of-status claim in his initial criminal proceedings or on direct appeal, that claim is procedurally defaulted. A procedurally defaulted claim "may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted). Wood cannot demonstrate either.

    1.    *Cause and prejudice*

        a.    *Cause*

To demonstrate cause, a habeas petitioner must rely on "something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). Although "a claim that is so novel that its legal basis is not reasonably available to counsel may constitute cause," a claim is not novel when "the Federal Reporters were replete with cases involving [similar] challenges." *Bousley*, 523 U.S. at 622. As the Supreme Court and Fourth Circuit have recognized, a poor likelihood of success cannot constitute cause. *See id.* at 623 ("[F]utility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." (citation omitted)); *Whiteside v. United States*, 775 F.3d 180, 185 (4th Cir. 2014) (en banc) ("The demands of finality oblige a petitioner to raise those claims that might possibly

7

have merit even where he thinks the court will be unsympathetic to the claim; otherwise the claim is considered procedurally defaulted." (cleaned up)); *United States v. Sanders*, 247 F.3d 139, 146 (4th Cir. 2001) ("Although the court may not have been likely to accept [the petitioner's] argument, [he] plainly had at his disposal the essential legal tools with which to construct his claim.").

Here, Wood's claim is not novel. The knowledge-of-status issue that the Supreme Court ultimately resolved in *Rehaif* had been litigated for many years in the district and circuit courts, all well-before he was indicted. *See, e.g.*, *United States v. Jackson*, 120 F.3d 1226, 1229 (11th Cir. 1997); *United States v. Miller*, 105 F.3d 552, 555 (9th Cir. 1997); *United States v. Capps*, 77 F.3d 350, 352 (10th Cir. 1996); *Langley*, 62 F.3d at 606; *United States v. Dancy*, 861 F.2d 77, 81–82 (5th Cir. 1988). Wood may not have been successful in making the knowledge-of-status argument before the district court or on direct appeal unless he were able to either persuade the Fourth Circuit to overrule *Langley* en banc or persuade the Supreme Court to grant certiorari and overrule *Langley*. However, as the Supreme Court made clear, the fact "that a claim was unacceptable to that particular court at that particular time" cannot constitute cause to excuse the procedural default. *Bousley*, 523 U.S. at 623.

That rule is reasonable and basic in its application; a claim is unacceptable only until it has been accepted. Both Wood and Hamid Rehaif faced the same legal predicament when their cases were prosecuted in 2011–2012 and 2015–2016, respectively. Neither of them could successfully raise a knowledge-of-status argument at trial because that argument was not supported by binding circuit

8

precedent. *See Jackson*, 120 F.3d at 1229; *Langley*, 62 F.3d at 606. Wood did not pursue the issue. Rehaif did. As explained by the district judge in Rehaif's case, he vigorously pursued the issue throughout the prosecution of his case, ultimately prevailing before the Supreme Court. *See United States v. Rehaif*, No. 6:16-cr-00003, 2020 WL 1904068, at *3–5 (M.D. Fla. Apr. 17, 2020) (vacating Rehaif's conviction after remand and detailing counsel's extensive efforts to raise the knowledge-of-status issue at trial). Thus, because Wood, like Rehaif, "plainly had at his disposal the essential legal tools with which to construct his claim," he cannot establish cause to excuse his procedural default.[5] *Sanders*, 247 F.3d at 146.

    b.  *Prejudice*

Likewise, Wood cannot establish prejudice. To show prejudice in the habeas context, "[t]he habeas petitioner must show not merely that the errors at trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494 (cleaned up).

---

[5] Although Wood could have pursued the issue, his counsel not doing so does not amount to ineffective assistance of counsel such that his procedural default should be excused. *See, e.g.*, *Murray v. Carrier*, 477 U.S. 478, 486 (1986) ("[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default."); *United States v. Dyess*, 730 F.3d 354, 363 (4th Cir. 2013) (concluding that counsel was not ineffective in failing to anticipate *Apprendi v. New Jersey*, 530 U.S. 466 (2000)); *United States v. McNamara*, 74 F.3d 514, 516–17 (4th Cir. 1996) (concluding that counsel was not ineffective in failing to raise an issue that was barred by circuit precedent at the time).

Wood has made no persuasive effort to show that he suffered prejudice from the *Rehaif* error. He has not alleged that, at the time he possessed the firearm, he did not know he had been convicted of an offense punishable by imprisonment for a term exceeding one year. *See Greer*, 141 S. Ct. at 2098 ("[N]either [defendant] has argued or made a representation that they would have presented evidence at trial that they did not in fact know they were felons when they possessed firearms."). It is not surprising that Wood has not made that allegation because he has at least five prior convictions for drug dealing offenses that were not only *punishable* by imprisonment for a term exceeding one year, but for which he *received* sentences of more than one year. *See* PSR ¶ 25 (three convictions resulting in imprisonment sentences of 20 to 24 months); PSR ¶ 26 (two convictions resulting in imprisonment sentences of 20 to 24 months suspended to 5 years probation, and one conviction resulting in an imprisonment sentence of 11 to 14 months suspended to 6 months probation). On the convictions in Paragraph 25, he served over 17 months in prison.[6] On the convictions in Paragraph 26, he served at least 22 months in prison.[7]

---

[6] He was sentenced on September 29, 1999 and was released on March 18, 2001.

[7] It is not precisely clear how long he was imprisoned for the convictions in Paragraph 26, but it was at least 22 months. While he was on probation for those offenses, he was convicted of another drug dealing offense. PSR ¶ 27. For that offense, he was sentenced on May 19, 2003 to 10 to 12 months imprisonment and that sentence expired on February 4, 2004. While he was serving that sentence, his probation sentences from the convictions in Paragraph 26 were revoked on June 10, 2003 and he was not released until December 31, 2005. Counting the time he served from when his sentence expired for the conviction in Paragraph 27 on February 2, 2004 until his release from custody on December 31, 2005, results in a conclusion that he served at least 22 months on the revocation sentences from Paragraph 26.

10

Wood also does not allege that he would not have simply admitted the knowledge-of-status element, just as he did the fact-of-status element, and would have instead proceeded to trial. In light of his criminal history, it is reasonable to conclude that he would have good reason to admit that element. If he did not, he would have been required to proceed to trial, resulting in him losing the benefit he received by pleading guilty, including a three-level Guidelines reduction for acceptance of responsibility. At trial, the Government likely would have put up specific evidence about his prior felony convictions, the sentences he received, and the prison time he served. This evidence, which would have been used to show that he knew he was a felon when he possessed the firearms, would have shown that his firearm possession came after he served more than one year in prison on two separate occasions for multiple drug dealing convictions. *See Greer*, 141 S. Ct. at 2097 ("[A]bsent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon."); *United States v. Caldwell*, 7 F.4th 191, 213 (4th Cir. 2021) (concluding that where a defendant actually served sentences longer than one year, it is "virtually impossible to believe he did not know he had been convicted of crimes punishable by such sentences"). Admitting that he knew he had a prior felony conviction would have preserved the benefits he received by pleading guilty and would have prevented a jury from hearing details about the number or type of his prior convictions, how long his sentences were, and how long he actually served. Thus, because the *Rehaif* error did not "work[ ] to his actual and substantial disadvantage," he has not demonstrated prejudice. *Murray*, 477 U.S. at

11

494.

### 2. *Actual innocence*

Likewise, Wood cannot establish that he is actually innocent of violating § 922(g)(1). As the Supreme Court has made clear, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.*

This standard is particularly difficult to meet in the context of a *Rehaif* error. "The Government's obligation to prove a defendant's knowledge of his felony status is not burdensome, as 'knowledge can be inferred from circumstantial evidence.'" *United States v. Sumter*, No. 3:02-cr-00499, 2021 WL 3173176, at *11 (D.S.C. July 27, 2021) (quoting *Rehaif*, 139 S. Ct. at 2198). The Supreme Court recognized the difficulty faced by such defendants:

> If a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets. The simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon.

*Greer*, 141 S. Ct. at 2097 (citation omitted). Wood does not meet this standard for the reasons discussed in the prejudice section of this order.

Because Wood's *Rehaif* claim is procedurally barred and he cannot establish either cause and prejudice or actual innocence to excuse the default, his petition should be dismissed. *See Bousley v. United States*, 523 U.S. at 622.

### D.  Merits

Finally, even if Wood were able to excuse his procedural default, the Court concludes that his claim would fail on the merits. Like in the procedural default context, a habeas petitioner is not entitled to relief on the merits based on a trial error unless he can show that it resulted in actual prejudice to him. *Davis v. Ayala*, 576 U.S. 257, 267 (2015). This requires "more than a reasonable possibility that the error was harmful." *Id.* at 268 (citation omitted). "Under this test, relief is proper only if the federal court has grave doubt about whether a trial error . . . had substantial and injurious effect or influence in determining the jury's verdict." *Id.* at 267–68 (citation omitted).

In Wood's case, the Court does not have "grave doubt" about whether the *Rehaif* error prejudiced him. *Id.* As discussed in detail in the prejudice section of this order, it is reasonable to conclude that the error did not prejudice him because he has neither alleged that he would have raised this argument at trial nor would there have been a factual basis for him to do so. Accordingly, his petition cannot succeed on the merits.

## III.  Conclusion

Because the Court agrees with the Report's conclusion that the petition should be dismissed, the Report, ECF No. 47, is **ACCEPTED AS MODIFIED**. The Government's motion for summary judgment, ECF No. 27, is **GRANTED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED**.[8]

                                                          *s/ Terry L. Wooten*
                                                        Terry L. Wooten
                                                        Senior United States District Judge

September 13, 2021
Columbia, South Carolina

---

[8] Unlike in a § 2254 or § 2255 proceeding, it is not necessary for a petitioner to obtain a certificate of appealability to appeal an order dismissing a § 2241 petition. *Sanders v. O'Brien*, 376 F. App'x 306, 307 (4th Cir. 2010).